762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM MINET, PETITIONER,
v.
BOICH MINING COMPANY, AND DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, RESPONDENTS.
 NO. 84-3315
 United States Court of Appeals, Sixth Circuit.
 3/14/85
 
 Appeal from the Renefits Reviev Board United States Department of Labor
 Before: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Minet appeals the Benefits Review Board's reversal of the Administrative Law Judge's order awarding Minet benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. The ALJ found that Minet was entitled to an interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(4), which applies where 'medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.' The ALJ's invocation of the presumption was based on the report of Dr. Dan M. Daneshvari, which states in part:
 
 
 2
 Overall, the clinical, laboratory and radiological findings show:
 
 
 3
 1. A mild to moderate chronic obstructive pulmonary disease primarily chronic bronchitis and bronchiolitis.
 
 
 4
 2. Mild diffused nodulations of size P, Q, R and a few on the size A which is compatible with coal workers' pneumoconiosis simple type.
 
 
 5
 3. Hypertensive arteriosclerotic heart disease and hypertension which involves both systolic and diastolic.
 
 
 6
 This man has never smoked any cigarettes in his life, and the present chronic obstructive pulmonary disease is directly related to the inhalation of coal dust and other air pollutants in the coal mine for approximately 42 years. Mr. Minet is totally and permanently disabled as a coal worker or any comparable type of job.
 
 
 7
 The ALJ also found that the interim presumption was not rebutted, and therefore awarded black lung disability benefits.
 
 
 8
 The Benefits Review Board held that the ALJ had erred in invoking the interim presumption, and reversed. The Board held that: 'Even though Dr. Daneshvari concluded that the claimant was totally and permanently disabled, he failed to attribute the total disability to a respiratory or pulmonary impairment.'
 
 
 9
 The standard the Board must use when reviewing orders of administrative law judges is set forth in the statute: 'The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole.' 33 U.S.C. Sec. 921(b)(3). Although the standard of review of the Board's decisions by the courts of appeals is not specified in the statute, see 33 U.S.C. Sec. 921(c), courts have held that review is limited to whether the Board committed errors of law or deviated from proper application of its standard of review. E.g., Director, Office of Workers' Compensation Programs v. Campbell Industries, 678 F.2d 836 (9th Cir. 1982); Miller v. Central Dispatch, Inc., 673 F.2d 773 (5th Cir. 1983); Presley v. Tinsley Maintenance Service, 529 F.2d 433 (5th Cir. 1976).
 
 
 10
 The Board's disagreement with the ALJ in this case is over whether Dr. Daneshvari's report should be read as concluding that Minet's disability was caused by respiratory or pulmonary ailments or by heart disease and hypertension. The report is ambiguous in that respect. We cannot say, however, that the ALJ's interpretation of the report was unreasonable. The paragraph in which Dr. Daneshvari concluded that Minet was disabled contains only a discussion of pulmonary disease; it does not mention heart disease or hypertension. Choosing between conflicting reasonable interpretations of the evidence is the province of the ALJ, not the Board. See Miller, 673 F.2d at 779 ('The ALJ's selection of reasonable conflicting factual inferences is conclusive upon the Board if Supported by the evidence and not inconsistent with the law.'); Presley, 529 F.2d at 436 ('[I]f supported by the evidence and not inconsistent with the law, the administrative law judge's inference is conclusive.'). The Board deviated from its statutory standard of review when it substituted its inference as to the meaning of the report for that of the ALJ, and its decision must therefore be reversed.
 
 
 11
 Since the Board's holding that Dr. Daneshvari's report had not attributed disability to a respiratory or pulmonary impairment was dispositive of the case, the Board did not reach the question of whether the report's conclusion of disability was a 'documented opinion of a physician exercising reasoned medical judgment.' The Board also did not reach the question of whether the interim presumption had been rebutted. The respondent, Boich Mining Co., argues that the ALJ's rulings on these issues are not supported by substantial evidence. However, the function of this Court is limited to review of the Board's order. 33 U.S.C. Sec. 921(c). We will not consider these issues, since they have not yet been addressed by the Board. See Perkins v. Marine Terminals Corp., 673 F.2d 1097, 1105 (9th Cir. 1982); Ramos v. Universal Dredging Corp., 653 F.2d 1353, 1359 (9th Cir. 1981) (both refusing to review issues not considered by the Board).
 
 
 12
 Accordingly, the order of the Benefits Review Board is reversed and the case remanded for further proceedings not inconsistent with this opinion.