ELLER AND COMPANY and Midland Insurance Company, Petitioners,

v.

Marshall GOLDEN and Director, Office of Workers' Compensation Programs, U. S. Department of Labor, Respondents.

No. 78–3368.

United States Court of Appeals, Fifth Circuit.

June 25, 1980.

Marlow, Shofi, Ortmayer, Smith & Spangler, John S. Smith, Tampa, Fla., for petitioners.

Hamilton & Douglas, William D. Douglas, Tampa, Fla., for Marshall Golden.

Carin A. Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol. Joshua T. Gillelan, II, Atty. U. S. Dept. of Labor, Washington, D. C., for Director, O.W.C.P.

Before BROWN, AINSWORTH and FRANK M. JOHNSON, Jr., Circuit Judges.

AINSWORTH, Circuit Judge:

Eller and Company and its insurance carrier, Midland Insurance Company, seek reversal of a Benefits Review Board decision which affirmed an administrative law judge's award of compensation benefits to Marshall Golden pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950. Petitioners argue, contrary to the conclusions of both the administrative law judge and the Benefits Review Board, that there is no substantial evidence supporting the award of compensation benefits in this case. A thorough examination of the record convinces us that there is substantial evidence to support the compensation award, and we therefore affirm.

As found by the administrative law judge, Golden, a 45-year-old longshoreman, was working for Eller and Company on April 11, 1974 when he was struck from behind by a forklift truck. He was dragged about twenty feet, pinned against a warehouse wall and had his left foot run over by the forklift before it came to a halt. He sustained fractures of the left wrist, left ankle and foot, and multiple contusions to the right wrist and lower back at the point where he was pinned against the wall. He was hospitalized for four days and thereafter recovered at home under his doctor's care.

On December 15, 1974 and January 22, 1975 Golden attempted to return to longshoring activities. He testified that both times he could not continue to work beyond four hours due to pain in his lower back and the "giving way" of his left knee which caused him to fall when he attempted to lift cargo.[1] Following these attempts, Golden did not work for nearly a year. He then obtained employment in a friend's club serving beer and working behind the counter. The owner of the club testified that he was forced to discharge Golden after only two months because Golden was unable to do the walking and lifting required on the job.[2] Approximately two months after leaving the club, Golden began working for the Hillsborough County Commission. His job consists of refueling automobiles, delivering messages, and performing other light duty tasks at a salary of $134 per week. At the time of the accident, Golden held the highest seniority classification in his union and earned approximately $20,000 per year.

---

1. The administrative law judge found that Golden's knee first began to "give way" about three week following the accident. Golden testified that the condition made it impossible for him to perform longshoring activities. "My ankle, my knee, kept giving away on me. Every time I would pick something up I'd fall." Tr. 40.

2. The owner of the club testified that he had to discharge Golden so he could hire someone who could lift cases of beer and liquor, which Golden was unable to do. Tr. 69.

Eller and Company voluntarily made compensation payments from the time of the accident until January 15, 1975, at which time it maintained Golden was capable of resuming his longshoring activities. Golden filed for temporary total disability benefits and permanent partial disability benefits under the LHWCA, 33 U.S.C. § 908(b), (c)(21). A formal hearing before an administrative law judge was held April 19, 1977. The administrative law judge found in favor of Golden, awarding him temporary total disability and permanent partial disability payments, costs and attorney's fees.[3]

The employer and insurance carrier appealed the decision of the administrative law judge to the Benefits Review Board, pursuant to 33 U.S.C. § 921(b). They argued that there was no substantial evidence to support the award of compensation benefits as there were no objective medical findings to corroborate Golden's subjective complaints of pain in his low back and left knee. They further contended that there was no evidence showing a causal connection between Golden's accident and his current complaints. The Benefits Review Board affirmed the decision of the administrative law judge, over the dissent of one member. Petitioners then sought review in this court, 33 U.S.C. § 921(c), again urging that the award of compensation benefits should be reversed for lack of substantial evidence to support it.

■ Our review of this case is somewhat limited. We "must sustain the [Benefits] Review Board's determinations if there is substantial evidence to support these determinations." *Army & Air Force Exchange Service v. Greenwood,* 585 F.2d 791, 796 (5th Cir. 1978); *Tampa Ship Repair & Dry Dock Co., Inc. v. Director, Office of Workers' Compensation Programs,* 535 F.2d 936, 937 (5th Cir. 1976); *Presley v. Tinsley Maintenance Service,* 529 F.2d 433, 436 (5th Cir. 1976). There is substantial evidence, both medical and factual, supporting the award of compensation benefits in the instant case.

Petitioners earnestly contend that there is no objective medical evidence to support Golden's subjective complaints of pain, and that without such corroboration the record is devoid of substantial evidence. However, while there are no objective medical findings to corroborate Golden's complaints of back pain, two orthopedic surgeons did find objective evidence of abnormality in his left knee.[4] As for petitioners' argument that any demonstrated disability has not been causally connected to the accident on April 11, 1974, none of the doctors who examined Golden was able to say that his knee condition was not caused by the accident. Therefore, the statutory presumption contained in 33 U.S.C. § 920[5] that Golden's complaints are causally related to his on-the-job accident has not been rebutted. *Swinton v. Kelly,* 554 F.2d 1075, 1081–82 (D.C.Cir.1976) (under 33 U.S.C. § 920 it is the employer's burden to present substantial evidence countering the presumed relationship between on-the-job accident and disability). *See also Todd Shipyards Corpo-*

---

**3.** Golden was awarded temporary total disability payments of $210.54 per week for the period of January 16 through May 20, 1975, and permanent partial disability payments of $210.54 per week for the period of May 21, 1975 through May 4, 1976, with compensation of $170.38 per week thereafter and continuing until further ordered. Golden was awarded $364.20 in costs and $2,400 in attorney's fees.

**4.** Two orthopedic surgeons, Dr. James D. Murphy and Dr. J. J. Diaz, stated in their depositions that they had discovered some abnormality in Golden's left knee. Deposition of Dr. J. J. Diaz at 9–10; deposition of Dr. James D. Murphy at 10. The Benefits Review Board stated in its opinion that "Claimant's treating orthope-

dic surgeon, Dr. J. J. Diaz, made an arthrogram study of claimant's knee which revealed an abnormality. Dr. Diaz opined that it was either a lipoma (fatty accumulation) above the kneecap or a hypertrophy (enlargement) of the villi of the joint, something that can be caused by trauma."

**5.** 33 U.S.C. § 920(a) provides:

In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—
(a) That the claim comes within the provisions of this chapter.

ration v. Donovan, 300 F.2d 741, 742 (5th Cir. 1962) (reluctance of physicians to state causal connection between physical exertion and subsequent heart attack does not relieve the factfinder "of his responsibility to select the more reasonable inference in the light of the evidence as a whole and the 'common sense of the situation'") (quoting Avignone Freres, Inc. v. Cardillo, 117 F.2d 385, 386 (D.C.Cir.1940).

In addition to the medical evidence just noted, the factual circumstances of this case support the findings of the administrative law judge and the Benefits Review Board. As stated by the Board in its decision:

> There is no dispute that claimant was involved in a serious accident resulting in extensive bodily injury. It is not unlikely that claimant's back and left knee would be injured by his being dragged twenty feet by a forklift truck, pinned at the point of his lower back against a warehouse wall and then run over by the forklift. He sustained multiple fractures to his left extremities, as well as multiple contusions to his lower back. The fact that claimant did not complain about a knee injury immediately following the accident does not negate the possibility of problems later developing with the knee as a result of the accident. Moreover, the record establishes that claimant suffered from no ailments in either his back or knee prior to the accident, thus lending credence to the existence of these injuries as a result of the April 1974 accident.

Finally, we note that the testimony of Golden and Emory Wilson, the friend who employed Golden at his club for several months following the accident, further supports the award of compensation benefits in this case. Wilson testified that he was forced to discharge Golden when it became apparent that Golden was unable to perform the lifting and walking necessary to work in his club. Golden testified at some length regarding his pain and physical disabilities following the accident. The administrative law judge credited this testimony, and under the circumstances presented here, we should not substitute our views.

Army & Air Force Exchange Service v. Greenwood, 585 F.2d 791, 795 (5th Cir. 1978). A claimant's credible testimony may constitute substantial evidence justifying an award of compensation. Ruiz v. Universal Maritime Service Corp., 8 BRBS 451, 454, BRB No. 78–135 (May 30, 1978); McIntosh v. Parkhill-Goodloe Co., Inc., 4 BRBS 3, 8, BRB No. 76–263 (May 17, 1976), aff'd, 550 F.2d 1283 (5th Cir. 1977).

AFFIRMED.