**AVONDALE SHIPYARDS, INC., Petitioner,**

v.

**Charles KENNEL, and Director Office of Workers' Compensation Programs, U.S. Department of Labor, Respondents.**

**No. 90–4271**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1990.

Patrick J. Veters, Joseph L. Lowenthal, Jr., Jones, Walker, Waechter, Poitevent, Carrere, New Orleans, La., for appellant.

Lloyd Frischhertz, Seelig, Cosse, Frischhertz, New Orleans, for Charles Kennel.

Inez Alfonzo–Lasso, J. Michael O'Neill, Sol., U.S. Dept. of Labor, Washington, D.C., for Director.

Linda Meekins, Clerk BRB, U.S. Dept. of Labor, Washington, D.C., for other interested parties.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Appellant Avondale Shipyards, Inc. ("Avondale Shipyards"), seeks reversal of a Benefits Review Board decision that affirmed an administrative law judge's award of benefits to appellee Charles Kennel under the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1982 & Supp. V 1987). Avondale Shipyards argues that there is no substantial evidence to support the award of compensation benefits. This Court, however, is unable to discern that the Benefits Review Board erroneously affirmed the judgment of the administrative law judge.

I. FACTS AND PROCEDURAL HISTORY

Charles Kennel ("Kennel"), an employee of Avondale Shipyards, was seriously injured in the course and scope of his employment when a pressurized sandblasting hose struck him in the forward right temple. The impact caused head lacerations and a depressed skull fracture. After the accident, Kennel has suffered apparent memory loss, deterioration of mental function and disorientation. He has consistently complained of residual pain, headaches and dizziness. In addition, Kennel alleges that he suffers from "organic brain syndrome," a condition that may result from brain in-

fection, metabolic disorders and traumatic injury.

Avondale Shipyards argues that the extent of Kennel's injuries are exaggerated and that any remaining disabilities are unrelated to the sandblasting accident. At trial before an administrative law judge, both parties offered the testimony of several expert witnesses concerning the nature of Kennel's injuries. Kennel introduced the testimony of Dr. Bob Russell, a general practitioner who examined Kennel seven times in the three years prior to trial, and Dr. C. Van Rosen, a clinical psychologist whom the Social Security Administration selected to examine Kennel. Dr. Russell, noting Kennel's persistent complaints, testified he believed Kennel suffered from serious dizziness and headaches that precluded Kennel's return to gainful employment. Dr. Van Rosen testified that Kennel suffered from organic brain syndrome. More significantly, Dr. Van Rosen testified that Kennel had a poor memory and would not be able to compete successfully in the job market.

Avondale Shipyards introduced the testimony of Dr. Richard Coulon, a board certified neurosurgeon, and Dr. David Mielke, a neuropsychiatrist at Tulane University School of Medicine. Dr. Coulon testified that Kennel suffered from organic brain syndrome, but concluded that this condition was unrelated to the sandblasting accident. Interestingly, Dr. Coulon offered no alternative cause for the organic brain syndrome, protesting that he was unqualified to make such a diagnosis. Dr. Coulon agreed that Kennel's headaches and dizziness "may well relate to the ... skull fracture, inasmuch as even a minor head injury can cause problems of this type." Dr. Mielke, in contrast with Dr. Coulon, testified that Kennel did *not* suffer from organic brain syndrome. Dr. Mielke offered little significant comment on Kennel's problems with dizziness and headaches.

Weighing the mass of conflicting expert testimony proved a difficult task. Ulti-mately, the administrative law judge rejected Kennel's allegations of organic brain syndrome, commenting that he was not persuaded by the testimony of Kennel's expert witnesses *on this particular condition.* The administrative law judge, however, determined that Kennel's subjective complaints of dizziness and headaches supported a finding of disability. Concluding that these conditions were caused by the skull fracture, the administrative law judge ruled that Kennel's injuries were compensable. The Benefits Review Board affirmed this conclusion.

## II. DISCUSSION

The Longshore and Harbor Workers' Compensation Act permits an aggrieved party to seek review of an order of the Benefits Review Board in the appropriate circuit court. 33 U.S.C. § 921(c) (1982). However, the standard of review of such orders is somewhat narrow. "Our review of BRB decisions is limited to considering errors of law, and making certain that the BRB adhered to its statutory standard of review of factual determinations, that is, whether the ALJ's findings of fact are supported by substantial evidence and consistent with the law." *Miller v. Central Dispatch, Inc.,* 673 F.2d 773, 778 (5th Cir. Unit A 1982).

In the present case, there is substantial evidence to support the award of compensation benefits. Although Avondale Shipyards presented persuasive testimony that rebutted the usual presumption of causation between Kennel's skull fracture and the nature of his continuing debilitations,[1] this testimony does not necessitate a decision in its favor. If an employer successfully rebuts the presumption that the employee's claim is compensable, the factfinder (the administrative law judge) must then weigh *all* of the evidence and resolve the factual disputes on the basis of this evidence. "In performing this task, the factfinder operates under the statutory policy that all doubtful fact questions are

---

**1.** Section 20(a) of the LHWCA provides that "it shall be presumed, in the absence of substantial evidence to the contrary—(a) That the claim comes within the provisions of this chapter." 33 U.S.C. § 920 (1982).

to be resolved in favor of the injured employee because the intent of the statute is to place the burden of possible error on those best able to bear it." *Noble Drilling Co. v. Drake*, 795 F.2d 478, 481 (5th Cir. 1986). In effect, the statute eases the ordinary preponderance of the evidence standard applicable in most civil suits. *Id.*

██ Avondale Shipyards' complaint that the "overwhelming preponderance of competent medical evidence militates against the claimant" misconceives this standard of review applicable in LHWCA cases. An administrative law judge is not obligated to rule in favor of the employer simply because the employer's medical experts are more numerous or more highly trained. The administrative law judge is a factfinder and is entitled to consider all credibility inferences. He can accept any part of an expert's testimony; he may reject it completely. *Eller and Co. v. Golden*, 620 F.2d 71, 74 (5th Cir.1980). Further, the administrative law judge may rely upon the claimant's own credible subjective complaints. *Id.*

██ The administrative law judge in the instant case precisely adhered to the scope of his authority. In a thoughtful and comprehensive opinion,[2] the administrative law judge rejected the testimony of Kennel's expert witnesses concerning the relevance of organic brain syndrome, but accepted their testimony concerning the relevance of posttraumatic pain, dizziness and headaches. Relying on these expert witnesses and Kennel's own subjective complaints, the administrative law judge concluded that the pain, dizziness and headaches were a direct result of Kennel's sandblasting accident. Indeed, Dr. Coulon, Avondale Shipyard's witness, conceded that a causal relationship *could* exist at least between the sandblasting accident and Kennel's continuing dizziness and headaches, even though Dr. Coulon dismissed the possibility of a causal relationship between the acci-

dent and organic brain syndrome. Based on this accumulation of evidence, along with additional evidence that Kennel's injuries precluded further gainful employment, the administrative law judge awarded compensation benefits.

This case is not unlike *Noble Drilling Co. v. Drake*, 795 F.2d 478 (5th Cir.1986). In *Noble Drilling*, two medical experts testified that the employee's injury was unrelated to his job conditions or occupational hazards. A third medical expert testified that a causal relationship was *possible. Id.* at 480. Based on the requirement that he resolve all doubtful fact questions in favor of the employee, the administrative law judge awarded compensation to the employee claimant. This Court ruled on subsequent appeal that the compensation award was supported by substantial evidence. *Id.* at 481 ("Although we are satisfied that the claimant did not establish causation by a preponderance of the evidence, we are persuaded that the required causal connection is established by substantial evidence under the Longshore and Harbor Workers' Compensation Act.").

Similarly, in the instant case, Kennel need not have shown a "preponderance of the evidence;" he merely must have shown "substantial evidence" in support of the award of benefits. Substantial evidence was clearly evident here on all the elements of Kennel's claim, particularly causation.

## III. CONCLUSION

There is substantial evidence to support the administrative law judge's award of compensation benefits to Kennel. Accordingly, the judgment of the Benefits Review Board is affirmed.

AFFIRMED.

---

**2.** Avondale Shipyards argues that the administrative law judge failed "to provide a reasoned analysis for his decision pursuant to the Administrative Procedure Act," principally because the administrative law judge's opinion did not discuss the testimony of Dr. Mielke. The adminis-

trative law judge, however, rejected Kennel's claim of organic brain syndrome as a *compensable injury*. Since Dr. Mielke's testimony was primarily related to this condition, it was unnecessary for the administrative law judge to discuss his testimony in detail.