United States Court of Appeals,

Fifth Circuit.

No. 94-40780

Summary Calendar.

Bernardo MENDOZA, Petitioner,

v.

MARINE PERSONNEL COMPANY, INC., Cigna Insurance Company, and Director, Office of Workers Compensation of the United States Department of Labor, Respondents.

March 6, 1995.

Petition for Review of an Order of the Benefits Review Board.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Claimant, Bernardo Mendoza, petitions for review of an order of the Benefits Review Board ("BRB") upholding the decision administrative law judge ("ALJ"), who found that claimant was permanently partially disabled rather than permanently totally disabled. Concluding that the BRB did not err, we deny the petition for review.

I.

Mendoza was working as a welder/fitter for Marine Personnel Company ("Marine") when he was injured in November 1987. Mendoza had Dr. Thomas Padgett perform lumbar laminectomy back surgery in April 1988. A second back surgery was performed by Padgett and Dr. Richard Moiel in August 1989. Following recuperation time, Padgett concluded that claimant had reached maximum medical improvement on April 23, 1990. He assessed the permanent disability at 40% and

1

indicated that claimant could not return to his previous occupation or any work that required repeated lifting over 20 pounds or repeated bending. He also opined that claimant's prognosis for returning to any type of gainful employment was doubtful.

Claimant did not return to work. Dr. Thomas O. Moore, who had examined claimant before the second surgery, re-examined claimant in July 1991 and concluded that claimant could perform light to medium degree work. Employer and carrier, Cigna Insurance Company, hired William Quintanilla, a vocational rehabilitation specialist, to interview the claimant and survey the Houston labor market for suitable employment opportunities.

Claimant, instead, sought total disability compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. Employer paid claimant's temporary total disability compensation from the time of the injury until the formal hearing in front of the ALJ in September 1991. Employer also paid claimant's medical expenses.

The ALJ determined that claimant had met his burden of showing that he was unable to return to his former employment. The ALJ also found that employer had established that suitable alternate employment was available to claimant and that claimant had not exercised due diligence in attempting to secure such employment.

The ALJ held that claimant was temporarily totally disabled from the date of the injury through the date of maximum medical recovery, April 23, 1990. The ALJ held that claimant was also to be compensated for a total disability from April 23, 1990, through

August 28, 1991, the date on which suitable alternate employment was established.

The ALJ determined that claimant's wage earning capacity after August 28, 1991, was $170 per week. The ALJ subtracted this figure from claimant's pre-injury average weekly wage of $192 to determine the claimant's loss of wage-earning capacity. Claimant was awarded weekly compensation benefits of two-thirds of the loss of wage-earning capacity. The BRB found that the ALJ's determinations were supported by substantial evidence and affirmed the award.

## II.

This court reviews the decisions of the BRB for errors of law and applies the same substantial evidence standard that governs the BRB's review of the ALJ's factual findings. *P & M Crane Co. v. Hayes,* 930 F.2d 424, 428 (5th Cir.1991). We must affirm the BRB's decision "if it correctly concluded that the ALJ's findings are supported by substantial evidence and are in accordance with the law." *Id.*

The ALJ determined that, while claimant could not return to his old job, he could perform some light duty work. The ALJ specifically found that claimant was capable of lifting up to ten pounds repetitively and up to twenty pounds intermittently. The ALJ also determined that claimant could sit for thirty minutes and stand for one hour.

Padgett testified on direct examination at his deposition that claimant was unable to work but later contradicted that testimony on cross-examination by assigning specific work restrictions to

3

claimant. Padgett indicated that claimant could perform a job that did not require him to lift more than twenty pounds or perform any repeated bending or stooping.

The ALJ specifically discounted Padgett's direct testimony and credited the cross-examination testimony, because the restrictions assigned directly corresponded to those listed in the April 23, 1990, letter. The ALJ declined to credit Dr. Moore's testimony, which indicated that claimant was able to perform a greater range of tasks. Claimant testified at the hearing that there were no jobs that he could perform.

The ALJ determined that two of the jobs that Quintanilla had identified in his labor market survey were compatible with the restrictions assigned by Padgett and were reasonably available to claimant. The ALJ also found that claimant had failed to exercise due diligence in seeking to obtain alternate employment.

Claimant argues that the ALJ's factual findings were not supported by substantial evidence. Specifically, claimant argues that the ALJ erroneously found that he was capable of performing some types of work. Claimant argues that the ALJ's evaluation of Padgett's testimony was incorrect and that the ALJ failed to accord proper weight to claimant's own testimony about his physical condition. Claimant asserts that the ALJ did not examine the record "as a whole" but chose to consider only parts of it.

The ALJ is the factfinder and "is entitled to consider all credibility inferences." *Avondale Shipyards, Inc. v. Kennel,* 914 F.2d 88, 91 (5th Cir.1988). The ALJ's selection among inferences

4

is conclusive if supported by the evidence and the law. The ALJ determines the weight to be accorded to evidence and makes credibility determinations. *Mijangos v. Avondale Shipyards,* 948 F.2d 941, 945 (5th Cir.1991). Moreover, where the testimony of medical experts is at issue, the ALJ is entitled to accept any part of an expert's testimony or reject it completely. *Kennel,* 914 F.2d at 91.[1]

Claimant's argument has no merit. The ALJ in this case wrote a careful and thorough opinion. The finding that claimant is able to perform certain types of light duty work is supported by substantial evidence including claimant's own doctor's testimony. The ALJ's opinion indicates that he considered claimant's testimony as well as the testimony of both Padgett and Moore.

Claimant's challenge to the calculation of his award is also meritless. The ALJ properly followed the procedures set out in 33 U.S.C. § 908(c)(21).

---

[1]Claimant argues that all factual doubts must be resolved in his favor pursuant to *Wheatley v. Adler,* 407 F.2d 307, 312 (D.C.Cir.1968). Under this "true doubt rule" as stated in this circuit:

> "[T]he factfinder operates under the statutory policy that all doubtful fact questions are to be resolved in favor of the injured employee because the intent of the statute is to place the burden of possible error on those best able to bear it." *Noble Drilling Co. v. Drake,* 795 F.2d 478, 481 (5th Cir.1986). In effect, the statute eases the ordinary preponderance of the evidence standard applicable in most civil suits. *Id.*

*Kennel,* 914 F.2d at 90-91. We note here that the "true doubt rule" has been explicitly rejected by the Supreme Court. *Director, OWCP v. Greenwich Collieries,* --- U.S. ----, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994).

The petition for review is DENIED.