IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60684
Summary Calendar
_____


BETHLEHEM STEEL CORPORATION,

                              Petitioner,

        v.

JOEL RAY CHILDRESS,

                              Respondent.

_____

On Petition for Review of a Final
Order of the Benefits Review Board
(94-0618)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
April 11, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        An administrative law judge found that Joel Ray Childress

was permanently and totally disabled because of work-related

injuries covered by the Longshore and Harbor Workers'

Compensation Act and awarded benefits accordingly.  The Benefits

Review Board affirmed the judgment.  Petitioner Bethlehem Steel

Corporation appeals the determination by the Benefits Review

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Board that Joel Ray Childress is permanently and totally disabled.  Finding no error, we affirm.

## I. BACKGROUND

Joel Ray Childress was employed by Bethlehem Steel Corporation, a self-insured company, as a shipfitter in the early 1980s when he injured his back in the course and scope of his employment on two separate occasions.  On September 23, 1981, Childress was fitting a drip pan on a jackup rig when he slipped and fell approximately fifteen feet though the drip pan onto some scaffolding.  Childress was examined by Dr. Mitchell, a neurosurgeon, and Dr. Nowlin, an orthopedist.  After consultation, Dr. Mitchell and Dr. Nowlin assisted a third doctor in performing a posterior lumbar interbody fusion of Childress' fifth disk on May 12, 1982.  Following the surgery, Dr. Mitchell assessed Childress with a permanent disability rating of twenty-five percent of the whole body.  Dr. Nowlin assessed a twenty percent permanent partial impairment to Childress' lumbar spine.

Childress returned to work on September 7, 1983.  On September 9, 1983, Childress reinjured his back when he stepped into a manhole.  He underwent a lumbar myelogram that showed a defect which was later determined to be spinal stenosis, a preexisting condition that was aggravated by the second injury. Childress underwent surgery to correct this condition on May 21, 1984.

Childress has not returned to work or attempted to find any

2

other employment since his second injury.  The parties have stipulated that Childress reached maximum medical improvement on April 6, 1987.

Childress brought a claim for total disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950, ("LHWCA") against Bethlehem Steel in 1992. The administrative law judge ("ALJ") held a formal hearing to address the nature and extent of Childress' disability, as well as several other issues not raised on appeal.

In a deposition taken in 1987, Dr. Mitchell, who is Childress' primary physician, testified that Childress was fifty percent medically disabled and one hundred percent occupationally disabled as a shipfitter.  He restricted Childress from lifting more than twenty-five pounds and recommended a limit of ten to fifteen pounds.  He further restricted Childress from stooping, crawling, squatting, climbing, or bending excessively.  Dr. Nowlin testified that Childress was thirty percent permanently disabled and recommended that Childress not lift more than thirty pounds and avoid climbing or squatting.

The Department of Labor arranged for a neurologist, Dr. Newmark, to examine Childress in September 1989.  After performing a standard neurological examination that lasted about forty-five minutes, Dr. Newmark wrote a report in which he stated that Childress' symptoms did not fit in any kind of organic pattern.  He also implied that it was to Childress' financial

benefit to exaggerate his symptoms, suggesting that there was "certainly a large amount of secondary gain from his difficulty."

At the hearing, three vocational rehabilitation counselors testified that Childress could find work within the medical restrictions set by his doctors and produced evidence of available jobs. Childress, however, testified that he was in such pain that he was unable to sit, stand, or walk for any length of time either with or without medication, and that he had to lie down for several hours twice a day. Furthermore, he testified that on average he could not get out of bed several days each week because of intense pain. Childress' wife corroborated his testimony. All of the vocational rehabilitation counselors agreed that if what Childress said about his condition was taken as true, he could not be employed at any of the available jobs.

The ALJ found Childress and his wife to be credible and ruled that Childress was permanently and totally disabled. The decision was automatically affirmed by the Benefits Review Board ("BRB"), pursuant to the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Public Law 104-134, § 101(d), 110 Stat. 1321, because it had been pending before the BRB for more than one year. The ALJ's decision is considered the final order of the BRB for purposes of review by this court.

## II. DISCUSSION

This court reviews the decisions of the BRB for errors of

4

law and applies the same substantial evidence standard that governs the BRB's review of the ALJ's factual findings.  <u>Mendoza v. Marine Personnel Co.</u>, 46 F.3d 498, 500 (5th Cir. 1995).  We must affirm the BRB's decision if the ALJ's findings are supported by substantial evidence and are in accordance with the law.  <u>Id</u>.

A claimant under the LHWCA is considered permanently disabled if he has any residual disability after reaching maximum medical improvement.  <u>SGS Control Serv. v. Dir., Office of Work. Comp.</u>, 86 F.3d 438, 443 (5th Cir. 1996).  Whether that disability is partial or total is evaluated in economic terms, in light of the availability of suitable alternative employment.  <u>Id</u>.  A claimant makes a prima facie case of total disability by demonstrating that he is unable to perform his former job due to his job-related injury.  <u>Id</u>.  The burden then shifts to the employer to reduce or eliminate its compensation liability by establishing that the employee is capable of performing other realistically available jobs.  <u>Id</u>.  The ALJ, as the finder of fact, is entitled to determine the credibility of the witnesses and weigh the evidence and need not accept the opinion of any particular medical examiner.  <u>Atlantic Marine, Inc. v. Bruce</u>, 661 F.2d 898, 900 (5th Cir. 1981).

In this case, both parties stipulated that Childress' injuries occurred during the course and scope of his employment.  Bethlehem Steel concedes that Childress is not able to return to

5

his former job as a shipfitter, but argues that he can find employment in a semi-skilled or unskilled job. Thus, the permanency of Childress' disability is not at issue, but the extent of it is.

In arguing that Childress can find suitable employment, Bethlehem Steel focuses solely on the medical and vocational testimony and completely disregards Childress' testimony. As the ALJ notes, however, "a finding of disability may be based on claimant's credible complaints of pain alone." See Mijangos v. Avondale Shipyards, Inc., 948 F.2d 941, 944 (5th Cir. 1991). The ALJ found the testimony of Childress and his wife to be credible. Based on their testimony, the vocational rehabilitation counselors stated that Childress could not be employed in any job. The ALJ's decision that Childress is permanently and totally disabled under the LHWCA is supported by substantial evidence.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the final order of the Benefits Review Board.

6