**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 99-60894

(Summary Calendar)

_____


FRANK'S CASING CREW
& RENTAL TOOLS INC.;
LOUISIANA WORKERS'
COMPENSATION
CORPORATION,

                                        Petitioners,

versus


CHAD PRYOR; DIRECTOR,
OFFICER OF WORKER'S
COMPENSATION PROGRAMS,
US DEPARTMENT OF LABOR


                                        Respondents.


Petition For Review of an Order
of the Benefits Review Board
(99-0165)

June 21, 2000


Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank's Casing Crew ("Frank's") petitions for review of the order of the Benefits Review Board ("BRB") affirming the Administrative Law Judge's ("ALJ's") Decision and Order Awarding Benefits to Chad Pryor ("Pryor") under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 *et seq*. We deny the petition for review.

We review BRB decisions de novo, applying the same standard as the BRB. *See Director, OWCP v. Vessel Repair, Inc.*, 168 F.3d 190, 193 (5th Cir. 1999). The BRB affirms the findings of fact and conclusions of law of the ALJ if they are rational, supported by substantial evidence, and in accordance with law. *See id.*; *O'Keefe v. Smith, Hinchman, & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

Pryor was employed with Frank's as a member of a casing crew. He claims that he injured his back on April 14, 1996 while working the spider. The ALJ found that Pryor had established his prima facie case by showing that 1) he suffered a harm; and 2) that an accident occurred at work or that working conditions existed that could have caused the harm. *See U.S. Industries v. Director, OWCP*, 455 U.S. 608 (1982).[1] He found that Frank's had not rebutted the presumption created by the prima facie case. The ALJ further determined that Pryor was unable to perform his former work, and that Frank's had not identified suitable alternate employment. Therefore, Pryor was entitled to

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    Once the prima facie case is made out, the Section 20(a) presumption, *see* 33 U.S.C. § 920(a), links the harm with plaintiff's employment. *See id.* The burden is then on the employer to rebut the presumed causal connection by showing that the disability was not the result of the accident at work. *See Kubin v. Pro-Football, Inc.*, 29 BRBS 117 (BRB 1995) (also noting that "under the 'aggravation rule', where an employment-related injury aggravates, accelerates, or combines with an underlying condition, employer remains liable for the entire resultant condition").

temporary total disability compensation. Frank's appealed and the BRB affirmed on all points.

Frank claims that the ALJ erred in finding that Pryor had established both prongs of his prima facie case and that Frank's had not rebutted it. First, Frank's claims that there was no credible evidence that an accident had occurred. Second, Frank's argues that there was no objective medical evidence that Pryor had suffered a harm.

Based on our review of the record, we agree with the BRB's affirmance of the ALJ's decision that an accident had occurred. The ALJ credited the testimony in the record that the accident occurred. The ALJ has broad discretion to make credibility determinations and to weigh the evidence, including the claimant's own testimony. *See Mendoza v. Marine Personnel Co.*, 46 F.3d 498, 500-01 (5th Cir. 1995); *Harrison v. Todd Pacific Shipyards Co.*, 21 BRBS 339 (BRB 1988) (noting that "when evaluating the evidence, the administrative law judge may accept or reject the witnesses' testimony" and finding that the ALJ did not err in crediting the claimant's own testimony even though he had given conflicting accounts of his injuries to physicians and had been convicted of perjury); *Anderson v. Todd Shipyards Corp.*, 22 BRBS 20 (BRB 1989) (noting that "the administrative law judge is entitled to evaluate the credibility of all witnesses . . . and to draw his own inferences from the evidence" and holding that the ALJ's decision to credit a certain doctor's testimony was not "inherently incredible or patently unreasonable" even though three other testifying doctors disagreed).

We also affirm the BRB's rejection of Frank's claim that Pryor had not established the harm element of the prima facie case because there was no objective medical evidence that Pryor had been injured. Subjective complaints of pain alone are sufficient to satisfy the harm element. *See Harrison*, 21 BRBS 339 ("Subjective complaints of pain alone may be sufficient to establish the injury element

of the prima facie case."); *Sylvester v. Bethlehem Steel Corp.*, 14 BRBS 234 (1981), *aff'd* 681 F.2d 359 (5th Cir. 1982) (same).

Therefore, we find that the BRB correctly affirmed the ALJ's decision that Pryor had made out his prima facie case. For essentially the same reasons, we reject Frank's challenge to the ALJ's decision that Frank's had not rebutted the Section 20(a) presumption of causation created by Pryor's prima facie case.

Finally, we reject Frank's claims that the ALJ erred in finding Pryor totally disabled. To establish a prima facie case of total disability, Pryor must establish that he was unable to return to his permanent work. *See Harrison*, 21 BRBS 339. Here, the ALJ credited the testimony of Dr. Muldowny, Pryor's treating orthopedist, that Pryor could not perform his usual work. *See Mendoza*, 46 F.3d at 501 ("[W]here the testimony of medical experts is at issue, the ALJ is entitled to accept any part of an expert's testimony or reject it completely."). Even granting Frank's contention that Dr. Muldowny could not point to any structural pathology, it is irrelevant; "a claimant's credible complaints of pain alone may be enough to meet her burden of establishing disability." *Anderson*, 22 BRBS 20; *see also Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 944 (5th Cir. 1991) ("[A] finding of disability can be based on nothing more than a claimant's credible complaints of pain."). The BRB also correctly held that Frank's had not met its burden to demonstrate the availability of suitable alternative employment actually available in the local community. *See Harrison*, 21 BRBS 339; *Clophus v. Amoco Production Co.*, 21 BRBS 261 (BRB 1988).

Therefore, Frank's petition for review is DENIED.