**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-60563

Summary Calendar

AVONDALE INDUSTRIES, INCORPORATED,

Petitioner,

VERSUS

JERRY JOSEPH GAUTHREAUX; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

No. 00-60703

Summary Calendar

AVONDALE INDUSTRIES, INC.,

Petitioner,

VERSUS

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT
OF LABOR; JERRY JOSEPH GAUTHREAUX,

Respondents.

PETITION FOR REVIEW OF AN ORDER
OF THE BENEFITS REVIEW BOARD
(97-1105/97-1105A, 99-1021 & 99-1021A)
April 4,2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Avondale Industries, Inc., has filed these consolidated appeals, one based on the merits of an award of benefits and another based on an award of attorney's fees. Respondent Jerry Gauthreaux suffered a back injury on September 3, 1991, while employed by Avondale as a crane operator. Although examined by several different doctors at the request of Avondale, Gauthreaux's treating physician placed him on disability and ultimately recommended surgery. After two hearings, an Administrative Law Judge ("ALJ") found that Gauthreaux was temporarily totally disabled after April 2, 1993, and awarded benefits. The ALJ rejected the argument that a security officer position offered by Avondale was suitable alternate employment. The Benefits Review Board ("BRB") affirmed, and later, awarded Gauthreaux attorney's fees.

Review of BRB decisions is "limited to considering errors of law and ensuring that the Board adhered to its statutory standard of review, that is, whether the ALJ's findings of fact are supported by substantial evidence and are consistent with the law." Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter, 227 F.3d 285, 287 (5th Cir. 2000). "As stated, our standard of review is a deferential one." Conoco, Inc. v. Director, OWCP, 194 F.3d 684 (5th Cir. 2000).

The ALJ's decision is supported by substantial evidence and is

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consistent with the law. "The ALJ is the factfinder and 'is entitled to consider all credibility inferences.'" Mendoza v. Marine Personnel Co., Inc., 46 F.3d 498, 500 (5th Cir. 1995) (quoting Avondale Shipyards, Inc. v. Kennel, 914 F.2d 88, 91 (5th Cir. 1988)). "[W]e find no error in the ALJ's primary reliance on the testimony of [Gauthreaux's] treating physician. ('In our review we typically defer to the ALJ's credibility choices between conflicting witnesses and evidence.')" Conoco, 194 F.3d at 690-91 (quoting Ingalls Shipbuilding, Inc. v. Director, OWCP, 991 F.2d 163, 165 (5th Cir. 1993)). We reject Avondale's argument that the ALJ applied an incorrect burden of proof with regards to Gauthreaux's disability and suitable alternative employment.

"An award of attorney's fees by the BRB is reversed only if it is arbitrary, capricious, an abuse of discretion, or not in accordance with law." H.B. Zachry Co. v. Quinones, 206 F.3d 474, 481 (5th Cir. 2000). We do not find that the BRB has abused its discretion in the award of attorney's fees.

AFFIRMED.