# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**F I L E D**
June 13, 2012

No. 11-60694
Summary Calendar

M-I LLC, doing business as M-I SWACO; ACE AMERICAN INSURANCE
COMPANY,

Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; SHANNON FREDERICK, Widow of Blake
Frederick,

Respondents

Petition for Review of an Order of the
Benefits Review Board
BRB No. 11-0135

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Decedent Blake Frederick worked for M-I, LLC ("M-I"). On November 20, 2006, during the course and scope of his employment, decedent appeared to pass out and was unresponsive for a period of time. The decedent subsequently complained of difficulty breathing and was taken by ambulance to the hospital

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60694

where he remained until November 28, 2006.  On December 12, 2006, the decedent was taken to a hospital emergency room where he died.

Decedent's wife, Shannon Frederick (the "claimant"), filed a claim for benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.  An administrative law judge ("ALJ"), in a lengthy and detailed 17-page order, awarded benefits to the claimant, and the Benefits Review Board ("the Board"), in an unanimous three-judge five-page order, affirmed the award.  M-I appeals the Board's decision, arguing that insufficient evidence supports ALJ's award determination.  M-I argues that the evidence demonstrates that decedent's cause of death was unrelated to his work environment.

This court reviews decisions of the Board under the same standard the Board uses to review the ALJ: whether the decision is supported by substantial evidence and is in accordance with the law. *SGS Control Servs. v. Dir., Office of Workers' Comp. Programs*, 86 F.3d 438, 440 (5th Cir. 1996).  "We may not substitute our judgment for that of the ALJ, nor may we reweigh or reappraise the evidence, instead we inquire whether there was evidence supporting the ALJ's factual findings." *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000) (internal quotation marks and citation omitted). "As for findings of fact, we have repeatedly acknowledged that the ALJ, as sole factfinder, is entitled to consider all credibility inferences and his selection among inferences is conclusive if supported by the evidence and the law." *Bollinger Shipyards, Inc. v. Dir., Office of Worker's Comp. Programs*, 604 F.3d 864, 871 (5th Cir. 2010) (internal quotation marks and citation omitted).

There is a presumption that a claim comes within the provisions of the Act in the absence of substantial evidence to the contrary. 33 U.S.C. § 920(a); *Port Cooper*, 227 F.3d at 287 ("[I]nherent in [§ 920(a)] is the presumption that an injury is causally related to a worker's employment.").  To trigger this

presumption, the claimant must make a prima facie showing of causation. *Id.* "To invoke the Section 920(a) presumption, a claimant must prove (1) that he or she suffered harm, and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Id.* (citation omitted). If a plaintiff establishes this prima facie case, the burden shifts to the employer to rebut the presumption by pointing to "substantial evidence establishing the absence of a connection between the injury and the employment." *Id.* at 288. "If the employer rebuts the presumption, then the issue of causation must be decided by looking at all the evidence of record," *Gooden v. Dir., Office of Workers' Comp. Programs*, 135 F.3d 1066, 1068 (5th Cir. 1998), with claimant maintaining the ultimate burden of persuasion by a preponderance of the evidence. *Dir. Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 277-78 (1994).

In this case, the ALJ made several determinations in accordance with the aforementioned law. The record supports the ALJ's first determination that the claimant made a prima facie showing of causation. The ALJ credited the testimony of the claimant's witnesses in finding that the decedent was exposed to lime dust and diesel fuel while at work, and that those exposures constituted working conditions that caused or could have caused the damage to the decedent's pulmonary artery, which ultimately led to his demise. The record also supports the ALJ's second determination that M-I rebutted the triggered presumption by presenting contrary doctors' opinions that denied an association between inhalation injuries and pulmonary blood clots.

Resolving this appeal, finally, the record also supports the ALJ's third determination, affirmed unanimously by the three-judge Board, that decedent's work conditions caused his death. The ALJ heard live testimony from Dr. Emil Laga, who opined that decedent's exposure to lime dust and diesel fumes caused damage to the pulmonary artery, which, because of a systematic inflammatory

response syndrome ("SIRS") response in the decedent, created the blood clot that led to his death. The ALJ explicitly found Dr. Laga's testimony "clear and credible," noting preliminarily that Dr. Laga was "a board certified forensic pathologist and toxicologist who has performed over 5000 autopsies and testified in about 500 proceedings . . . ." The ALJ also highlighted and explained that Dr. Laga's trial testimony was "comprehensive" and "supported by medical records" as well as by medical records which had been unavailable to him at the time of the original autopsy reports. Further, the ALJ stated that, "[t]o the extent that other physicians are not aware or deny any connection between clotting and chemical exposure, I do not credit such testimony finding rather the more informed and credible testimony of Dr. Laga to be more persuasive and in line with the medical records and requirements of SIRS." We accord deference to the ALJ's firsthand credibility and evidence weighing determinations. *See Mendoza v. Marine Personnel Co., Inc.*, 46 F.3d 498, 500-01 (5th Cir. 1995) (citation omitted) ("The ALJ determines the weight to be accorded to evidence and makes credibility determinations. Moreover, where the testimony of medical experts is at issue, the ALJ is entitled to accept any part of an expert's testimony or reject it completely.").

Accordingly, since the ALJ's decision is supported by substantial evidence in the record and is in accordance with the law, the decision of the Benefits Review Board is AFFIRMED.