# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60494
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

JOSEPH R. EGLAND,

      Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; P.C. PFEIFFER COMPANY,
INCORPORATED,

      Respondents

---

Petition for Review of an Order of the
Benefits Review Board
BRB No. 15-300

---

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Joseph R. Egland filed a claim against P.C. Pfeiffer Company ("P.C. Pfeiffer") under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("the Act"). Egland alleged that, in violation of Section 49 of the Act, P.C. Pfeiffer refused to allow him to return to work because he had

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

previously filed a compensation claim. *See* 33 U.S.C. § 948a (prohibiting any employer from "discharg[ing] or in any other manner discriminat[ing] against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer"). Egland appeals the Benefits Review Board's ("BRB") decision affirming the administrative law judge's ("ALJ") denial of Egland's claim. We AFFIRM the decision of the BRB.

"[O]nce the BRB affirms an order of the ALJ, we need only inquire whether the BRB 'correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law.'" *La. Ins. Guar. Ass'n v. Dir., OWCP*, 614 F.3d 179, 185 (5th Cir. 2010) (quoting *Ingalls Shipbuilding, Inc. v. Dir., OWCP*, 991 F.2d 163, 165 (5th Cir. 1993)). The ALJ "is entitled to consider all credibility inferences [and the ALJ's] selection among inferences is conclusive if supported by the evidence and the law." *Id.* (alterations in original) (quoting *Mendoza v. Marine Pers. Co.*, 46 F.3d 498, 500 (5th Cir. 1995)).

The ALJ weighed the evidence and determined that Egland set forth a *prima facie* case and that he was entitled to a presumption of discrimination under Section 49. But the ALJ then determined that P.C. Pfeiffer rebutted Egland's presumption of discrimination and that Egland failed to meet the burden of persuasion for his claim. Egland argues that P.C. Pfeiffer did not rebut his presumption of discrimination. Viewing the record as a whole, we disagree. The BRB held that "[s]ubstantial evidence supports the [ALJ's] conclusion that claimant did not establish that employer's action in not allowing claimant to return to work was motivated by claimant's filing a compensation claim." Finding no error, we AFFIRM the decision of the BRB.