# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2019

Lyle W. Cayce
Clerk

MANDEL WILLIAMS,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR; CB & I OFFSHORE
SERVICES, INCORPORATED; AMERICAN LONGSHORE MUTUAL
ASSOCIATION,

Respondents.

Appeal from the Decision of the
Benefits Review Board
BRB No. 18-0311

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Petitioner Mandel Williams appeals the Benefits Review Board's dismissal of his claim against his employer for work-related injuries. As the Board did not err, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60168

Williams previously worked for Respondent CB & I Offshore Services as a rigger. On March 2, 2015, Williams fell from a personnel basket while being transported to a vessel by crane, allegedly landing on his buttocks and hitting his head. A safety representative met him when he returned to land, and he was examined by a nurse. Williams only said he had a headache, and that it was getting better. He was released back to full work duty, but CB & I allowed him to return home, rest, and reembark the next day.

That evening, Williams checked into a hospital complaining of pain in his head, lower back, and hand. Medical tests and imaging all came back normal. But when CB & I told Williams they needed to review his hospital discharge paperwork to make sure he was still fit for duty, Williams retained a lawyer. He also began seeing Dr. Kimberly Smith for his pain. Her records reflect that on January 18, 2016, his previously unnoted "neck pain had resolved."

In August 2017, Williams sued for recovery under the Longshore Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq*., as extended by the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 *et seq*. Specifically, he alleged that he was injured "in the course of employment," causing pain in his head, neck, and lower back. 33 U.S.C. § 902(2). He sought reimbursement for medical treatment and temporary total disability compensation.

A claimant under the LHWCA bears the initial burden of establishing a prima facie case that (1) he suffered harm and (2) the complained-of workplace accident could have caused it. *Gooden v. Dir., OWCP, U.S. Dep't of Labor*, 135 F.3d 1066, 1068 (5th Cir. 1998). Absent substantial evidence to the contrary, it is presumed that any prima facie claim made under the LHWCA comes within its provisions. 33 U.S.C. § 920(a). But the employer can rebut this presumption "through substantial evidence establishing the absence of a

2

No. 19-60168

connection between the injury and the employment." *Gooden*, 135 F.3d at 1068; *see also Kier v. Bethlehem Steel Corp.*, 16 BRBS 128, 129 (1984). If the employer successfully rebuts the presumption, then the ALJ must weigh the totality of the evidence and determine whether the injury arose from the claimant's employment, using a preponderance standard. *Ins. Co. of State of Pa. v. Dir., OWCP*, 713 F.3d 779, 784 (5th Cir. 2013). The burden of proof shifts back to the claimant in this phase, and the claimant loses if the evidence is evenly balanced. *Bis Salamis, Inc. v. Dir., OWCP*, 819 F.3d 116, 127 (5th Cir. 2016).

The administrative law judge (ALJ) found that although Williams met the 920(a) presumption, CB & I successfully rebutted it, and Williams then failed to meet his burden of proof. Williams appealed to the Benefits Review Board, who affirmed the ALJ. Williams now appeals to us, arguing that the BRB erred when it affirmed the ALJ's decision.

We have jurisdiction. 33 U.S.C. 921(c). And we review the BRB's determination for errors of law and fact, applying the same substantial-evidence standard the BRB uses. *Mendoza v. Marine Pers. Co., Inc.*, 46 F.3d 498, 500 (5th Cir. 1995). We must affirm the BRB "if it correctly concluded that the ALJ's findings are supported by substantial evidence and are in accordance with the law." *P & M Crane Co. v. Hayes*, 930 F.2d 424, 428 (5th Cir. 1991). The ALJ has broad fact-finding powers and is entitled to make credibility determinations regarding witness testimony, expert testimony, and record evidence. *Mendoza*, 46 F.3d at 500-501. Our case thus boils down to whether the ALJ's determination was supported by the record. *Id.* at 500; *see also Bis Salamis*, 819 F.3d at 128.

No. 19-60168

Many of Williams's assertions are either unbacked by the record[1] or were revealed as false on cross-examination.[2] The ALJ was thus well within his rights to conclude that Williams lacked credibility. *Bis Salamis*, 819 F.3d at 124, 128 (finding claimant incredible based on substantial medical and physical evidence revealed at trial). On top of that, medical evidence supports the ALJ's determination. Neither Williams's initial medical evaluation nor his hospital visit later that day showed evidence of any cervical or neck injury that would have caused him to miss work.[3] In fact, Williams's initial medical evaluator, Dr. Lindemann, testified that Williams needed no further medical care at all based on his MRI. *See Mendoza*, 46 F.3d at 501 (holding that medical opinions can constitute substantial evidence). And the ALJ's decision to regard Dr. Smith's opinions (drawn from Williams's own subjective statements) as less reliable than the more objective scans and evaluations Williams underwent is reasonable considering Williams's lack of credibility.

Williams's additional attempt to argue for relief based on aggravation theory is not properly before this court, as it wasn't addressed by the ALJ. The BRB properly declined to reverse on those grounds.

---

[1] For instance:
- Williams testified that he didn't report improvement of his headache after the accident. The medical record says he did.
- Williams testified that he complained of neck pain at the hospital. The medical record doesn't say he did.
- Williams testified that he was given an "off-work slip." The medical record doesn't say he was.
- Williams testified that he didn't report resolved neck pain to Dr. Smith. The medical record says he did.

[2] Williams testified that he was unable to engage in physical exercise due to the accident and stated that he didn't run a fitness boot camp after the accident. Several of Williams' post-accident Facebook posts presented at his hearing showed these statements were false.

[3] It is true that Williams' initial evaluator, Dr. Lindemann, found that he'd suffered a "neck sprain" and placed him at light duty work until he could rule out a cervical injury via MRI. But when he did, Lindemann recommended a return to full duty work.

No. 19-60168

AFFIRMED.