529 F.2d 433
 John M. PRESLEY, Petitioner,
v.
TINSLEY MAINTENANCE SERVICE, and Mid-Continental
Underwriters, Inc., Respondents,
Director, Office of Workers' Compensation Programs, U.S.
Department of Labor, Intervenor.
 No. 74--3871 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 26, 1976.
 
 Atreus M. Clay, Houston, Tex., for petitioner.
 John L. Yates, James E. Ross, Houston, Tex., for Tinsley and Mid-Continental.
 Cornelius S. Donoghue, Jr., Acting Assoc. Sol., Dept. of Labor, William J. Kilberg, Sol., Marshall H. Harris, Assoc. Sol. of Labor, George M. Lilly, Linda L. Carroll, Attys., U.S. Dept. of Labor, Washington, D.C., for Dept. of Labor.
 Petition for Review of an Order of the Benefits Review Board (Texas Case).
 Before THORNBERRY, MORGAN and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 In essence, the controversy in this Longshoremen's Compensation Act lawsuit involves the propriety of an award of attorney's fees under 33 U.S.C.A. § 928, where the disability compensation claim presented to and contested by the employer/carrier differed significantly from the compensation award made by the administrative law judge.
 
 
 2
 An administrative law judge awarded temporary total compensation for an undetermined period of future disability which he said would follow amputation of the first joint of claimant's middle finger. He also awarded attorney's fees for having obtained the award. The Review Board first found no substantial evidence to support a finding that there would be temporary total disability following amputation, and second found no such declination by the employer to pay such compensation, if in fact such disability does occur, such as to justify an award of attorney's fees for obtaining the compensation. The record amply supports the Review Board's decision.
 
 
 3
 To properly reflect the propriety of the Review Board's decision, it might be well to recite the facts and administrative procedure which brings this case to us for decision, and the precise issue confronting the Benefits Review Board and this Court.[1]
 
 
 4
 John M. Presley severely injured his left hand while working for Tinsley Maintenance Service on October 10, 1970, on a man-made island in the Gulf of Mexico. The index finger was amputated. The flexibility and condition of the middle finger were seriously impaired. Covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act,[2] pursuant to an award, Presley received temporary total disability compensation for a year until October 7, 1971, and a lump sum payment for a 35 percent permanent partial disability of the left hand.
 
 
 5
 On August 16, 1972, Presley requested modification of this award. Of critical importance to this review is that the only claim asserted by the claimant, and the only claim controverted by the employer/carrier, was a claim for total permanent disability due to a 'change of condition' pursuant to 33 U.S.C.A. § 922.[3] At an informal hearing on February 1, 1973, the employer/carrier stated its willingness to provide further medical treatment, if needed. Not until February 7, 1974, was a formal hearing held. On May 10, 1974, the administrative law judge entered a decision finding for the employer/carrier and against Presley on the claim for total permanent disability on the change of condition theory. He found the claimant was not entitled to further permanent disability compensation.
 
 
 6
 As he is empowered to do under 33 U.S.C.A. § 922, however, the administrative law judge found a mistake of fact in fixing the former award since that award was based upon a belief that further surgery was not indicated. He agreed with claimant's physician that corrective surgery by amputation of the first joint of the middle finger would relieve pain and improve Presley's ability to work with tools. Thereupon the administrative law judge directed the carrier to pay all medical expenses for the corrective surgery, which was not contested, but further awarded the claimant compensation payments of $70.00 a week during any period of convalescence following surgery, $1,100 in attorney's fees to the claimant's attorney, and $260 to an examining medical witness who testified on the claimant's behalf. The attorney's fee award depends upon the factual accuracy and the legal significance of the compensation award. The employer/carrier appealed the administrative determination to the Benefits Review Board.
 
 
 7
 Briefly, under the scheme of the Act, the employer is to furnish medical services (33 U.S.C.A. § 907(a)) and pay compensation (33 U.S.C.A. § 914) to an injured employee without an award. See 33 U.S.C.A. § 914(a); Louviere v. Shell Oil Co., 509 F.2d 278 (5th Cir. 1975). Only when liability is controverted does the claim go to an administrative law judge of the Department of Labor, who, as to all questions in respect to a controverted claim, has the power and responsibility of decision envisaged in the original Act and the Administrative Procedures Act. 5 U.S.C.A. § 554. Appeal from the decision of the administrative law judge is to the Benefits Review Board composed of three members appointed by the Secretary of Labor. 33 U.S.C.A. § 921(b)(1). The Board hears appeals on the hearing record and reviews findings of fact under the 'substantial evidence in the record considered as a whole' standard of review. 33 U.S.C.A. § 921(b)(3). Review of final orders of the Benefits Review Board is obtained by petition to the United States Court of Appeals for the circuit in which the injury occurred. The court of appeals then has the power to enforce and jurisdiction to affirm, modify or set aside such order in whole or in part. 33 U.S.C.A. § 921(c). Although the standard of review in this Court is not set out in the statute, it is evident that we are to review only for errors of law, and to make certain that the Board adhered to its statutory standard of review of factual determinations. This then is unlike a review of a labor board decision where the Board may disagree with an administrative law judge as to factual matters and must be sustained if its own determinations pass the substantial evidence test. 29 U.S.C.A. § 160(e); Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
 
 
 8
 The Benefits Review Board is constrained by statute to apply the same standard of review as formerly applied by the district courts in reviewing compensation orders. Longshoremen's Act § 21(b)(3), 33 U.S.C.A. § 921(b)(3) (Supp. III, 1973); see also 20 C.F.R. § 802.301 (1973). Thus the Board does not have authority to engage in a de novo review of the evidence, or to substitute its views for that of the administrative law judge. Banks v. Chicago Grain Trimmers Assn., 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968); Calbeck v. Strachan Shipping Co., 306 F.2d 693 (5th Cir.), cert. denied sub nom., Gee v. Strachan Shipping Co., 372 U.S. 954, 83 S.ct. 950, 9 L.Ed.2d 978 (1963). Rather, the findings of the administrative law judge must be accepted unless unsupported by substantial evidence in the record considered as a whole, O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483, 487 (1951), or unless they are 'irrational,' O'Keeffe v. Smith Associates, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895, 897 (1965). Moreover, if supported by the evidence and not inconsistent with the law, the administrative law judge's inference is conclusive. That the facts may permit diverse inferences is immaterial. The administrative law judge alone is charged with the duty of selecting the inference which seems most reasonable and his choice, if supported by the evidence, may not be disturbed. Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947).
 
 
 9
 The issue here is whether the administrative law judge's 'finding' that a period of temporary total disability would undoubtedly follow surgery must be upheld under the substantial evidence rule as a reasonable inference in light of the evidence and 'the common sense of the situation.' Todd Shipyards Corp. v. Donovan, 300 F.2d 741 (5th Cir. 1962). The Board was certainly correct in determining that no evidence in the record supported the administrative law judge's finding. No one testified what the surgery would involve hospital-wise, or what temporary disability would result, much less whether total temporary disability would result. The administrative law judge said, 'The period of prospective total disability is uncertain.' The claimant's brief is left to argue 'it is certainly reasonable to assume . . . that Petitioner will suffer at the very least one day of temporary total disability.' Even claimant's assumption would not conclude the question of whether wages would be lost. The intervenor's brief likewise asserts that economic disability 'is certainly consistent with human experience and the common sense of the situation.' We think the Board correct in deciding it is 'pure speculation to make an award at this time which is contingent on the occurrence of some future event.'
 
 
 10
 Lost in claimant's and intervenor's arguments are the issues presented to the administrative law judge. Such issues cannot be divorced from the significance of his findings. While it appeared that the employer/carrier acknowledged the obligation to furnish medical care, its denial of liability for compensation clearly was a denial of permanent disability compensation. Since no claim for temporary total disability compensation has been asserted, it appears to us--as it appeared to the Board--that the employer/carrier's denial of compensation did not constitute a denial of liability for any future compensation that might accrue from future events. The record supports the correctness of the Board's view that:
 
 
 11
 If the claimant elects to have the recommended surgery performed on his left middle finger and if he then suffers a period of temporary total disability as a result of that surgery for which the employer-carrier refuses to pay compensation, claimant would be entitled to request a modification under Section 22 of the Act.
 
 
 12
 It should be noted that this is not a case where the Board has made a finding contrary to the administrative law judge's. It has not decided there will be no temporary total disability. It has merely said the fact is not ascertainable at this time. We agree.
 
 
 13
 Section 28(a) of the Act, 33 U.S.C.A. § 928(a), provides that legal fees are to be awarded only when the claimant's attorney successfully prosecutes a claim which the employer/carrier has declined to pay. Here the employer declined to pay additional permanent disability compensation. The administrative law judge found no change of condition to increase permanent disability. He ruled that the prospective amputation would not increase the impairment of the hand for compensation purposes.
 
 
 14
 Because there was no compensation properly awarded for which the employer/carrier had upon presentment of a claim specifically refused to pay, there can be no valid award of attorney's fees or expert witness' fees under 33 U.S.C.A. § 928.
 
 
 15
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Another panel of this Court dismissed the Benefits Review Board as a party respondent in this action, on the basis of the holding in Offshore Food Service, Inc. v. Benefits Review Board, 524 F.2d 967 (5 Cir. 1975)
 
 
 [2]
 44 Stat. 1424 as amended, 33 U.S.C. § 901 et seq., as made applicable to certain employees by the Outer Continental Shelf Lands Act, 67 Stat. 462, 43 U.S.C. § 1333
 
 
 [3]
 33 U.S.C.A. § 922:
 Modification of awards
 Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of that last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation.