966 F.2d 1442
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Burl JONES, Petitioner,
v.
NAVY EXCHANGE; Gates, McDonald & Company; Director, Office
of Workers' Compensation Programs United States
Department of Labor, Respondents.
 No. 91-2755.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 28, 1992
Decided: June 23, 1992
 
 Patrick M. Regan, Jonathan E. Halperin, Koonz, McKenny, Johnson & Regan, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Barbara C. Biddle, Jennifer H. Zacks, United States Department of Justice, Washington, D.C., for Respondents.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Burl Jones seeks review of a Benefits Review Board ("Board") decision affirming an administrative law judge's ("ALJ") decision to deny his application for temporary total disability benefits under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901-950 (1980). Jones suffered a work-related injury on June 30, 1980, when he fell approximately twelve feet from a ladder to a concrete floor. He remained on the job, however, and lost no time from work until he was laid off due to a reduction in the work force in September 1981. Jones filed a notice of his injury on July 6, 1982, and the Navy Exchange ("employer") controverted the claim on August 2, 1982. Jones filed a claim for compensation benefits on September 12, 1983.
 
 
 2
 The applicable filing period for compensation claims arising out of traumatic injuries is one year from the date on which the claimant was aware or should have been aware of the relationship between his injury and his employment. See 33 U.S.C.s 913 (1980). On appeal, Jones challenges for the first time the ALJ's finding that he was aware of the relationship between his injury and his employment at the time the accident occurred. We hold that Jones's failure to raise this issue before the Board precludes him from raising it on appeal. See Parker v. Motor Boat Sales, 314 U.S. 244 (1941); Blevins v. Director, Office of Workers' Compensation Programs, 683 F.2d 139, 142-43 (6th Cir. 1982); Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs, 644 F.2d 827, 831-32 (9th Cir. 1981). We therefore affirm the ALJ's finding that the limitations period began to run on June 30, 1980, over three years before Jones filed a claim.
 
 
 3
 Jones's appeal was thus untimely unless the applicable statute of limitations was tolled. Under the statute, the limitations period may be tolled if employer fails to file an injury report with the Secretary within ten days of the date it acquires knowledge of the injury. See 33 U.S.C.A. § 930(a) and (f) (1980 and Supp. 1991). Although there is a statutory presumption that the claim was timely filed, see 33 U.S.C. § 920(b), an employer may rebut this presumption by showing that it complied with the requirements of section 930(a). See Fortier v. General Dynamics Corp., 15 BRBS 4 (1982), dism'd sub nom. Insurance Co. of North America v. Benefits Review Board, 729 F.2d 1441 (2d Cir. 1983).
 
 
 4
 Employer did not file an injury report in this case. The ALJ and Board determined, however, that employer was not required to file a report because it did not have knowledge of Jones's injury until Jones filed his notice of injury on July 6, 1982, after the limitations period had expired. Jones attempted to prove employer's knowledge through his testimony that a co-worker, Mr. Hanford, was his"acting supervisor" on the date of the accident and witnessed the accident. Jones contended that Hanford, as his acting supervisor, was an authorized agent of employer.
 
 
 5
 On appeal, Jones argues that the ALJ erred by rejecting his testimony based solely on negative evidence submitted by the employer, relying primarily on the decision in Stevenson v. Linens of the Week, 688 F.2d 93 (D.C. Cir. 1982), which he views as analogous to the instant case. We disagree. The evaluation of witness credibility lies within the discretion of the fact finder. See Mijangos v. Avondale Shipyards, Inc., 948 F.2d 941 (5th Cir. 1991); Cordero v. Triple A Machine Shop, 580 F.2d 1331 (9th Cir. 1978), cert. denied, 440 U.S. 911 (1979). Moreover, the D.C. Circuit Court of Appeals has made clear that its decision in Stevenson does not limit the ALJ's authority to reject oral testimony based on the ALJ's determination that the witness's story is incredible. See Stark v. Washington Star Co., 833 F.2d 1025, 1029 (D.C. Cir. 1987).
 
 
 6
 In this case, the ALJ simply did not believe Jones's story that Hanford was his acting supervisor. The ALJ stated its skepticism expressly, commenting "I find that Claimant has bestowed the title of 'acting supervisor' on his co-worker in an effort to bootstrap what is otherwise an untimely claim." We therefore conclude that the ALJ acted within his discretion by rejecting Jones's testimony.
 
 
 7
 We note that employer's ability to rebut the section 920(b) presumption based, in part, upon negative evidence, depends on the overall strength of the evidence submitted by both parties. See generally Stark, 833 F.2d at 1029-30. Obviously, the ALJ's disbelief of Jones's testimony rendered employer's task less difficult. Also crucial to this case, however, was the fact that Jones worked for over a year following the accident without missing time from work. Under the 1984 Amendments to the Act, employer is not required to file a section 930(a) report where claimant does not miss at least one shift as a result of an accident at work. See U.S.C.s 930(a) (Supp. 1991).
 
 
 8
 We note Jones's argument that the Amendments do not apply to this case because his injury occurred in 1980 and because the statute as written at that time did not require a claimant to miss work before an employer was obligated to file an injury report. While we decline to resolve the parties' dispute over whether the 1984 version of section 930(a) applies to this case because the Board did not address that issue, we nonetheless note that the 1984 Amendments illustrate the relevancy of a claimant's absence or continued presence at work following a work accident to the issue of employer knowledge.
 
 
 9
 In finding that employer lacked knowledge of even a work-related accident, the ALJ relied on his disbelief of Jones's testimony, the fact that claimant missed no time from work, the fact that he did not seek medical treatment until after the limitations period had already expired, and negative evidence which indicated that employer's behavior was consistent with its position that it did not learn of the work accident until Jones filed a notice of his injury in July of 1982. Specifically, the ALJ noted that employer filed a notice of controversion within thirty days of its receipt of Jones's notice of injury, challenging notice and causal relationship, and that employer began voluntarily paying compensation benefits shortly after an informal conference.
 
 
 10
 Therefore, we conclude that substantial evidence supports the findings of the Board and ALJ that employer did not know of Jones's injury until after the limitations period expired, and thus was not required to file an injury report under section 930(a). Moreover, we note that the evidence of record could support this conclusion even if we assumed that employer was aware of Jones's accident when it occurred. Mere knowledge of an accident at work does not satisfy the knowledge requirement of section 930(a). Rather, the Act requires knowledge of the injury and of facts that would lead a reasonable man to conclude that compensation liability is possible and there is a need to investigate further. See Stevenson, supra; Williams v. Nicole Enterprises, Inc., 19 BRBS 66 (1988).
 
 
 11
 Again, the fact that Jones did not leave work the day of the accident or miss time from work later could have led a reasonable person to believe that no compensable injury-an injury which would affect a worker's ability to earn a wage-had occurred. Moreover, Jones does not allege that his acting supervisor or anyone else knew of the seriousness of his injury. In fact, he claims not to have known himself of the seriousness of his injury at the time it occurred.
 
 
 12
 Accordingly, the decision of the Benefits Review Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED