IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-60511

DAVID K. WILSON,

Petitioner,

versus

ATLAS WIRELINE SERVICE; CNA INSURANCE
COMPANIES; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT
OF LABOR,

Respondents.

Petition for Review of an Order of the
Benefits Review Board

June 1, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

REAVLEY, Circuit Judge:[*]

David Wilson sought disability benefits under the Longshore and Harbor Workers'

Compensation Act, 33 U.S.C. §§ 901-950 (LHWCA). He appeals the decision of the

Benefits Review Board (BRB), which affirmed the decision of an administrative law

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge (ALJ), who ruled that Wilson was entitled to temporary total disability benefits. The Director of the Office of Workers' Compensation Programs (OWCP) has filed a brief supporting Wilson's appeal on some issues.

The LHWCA recognizes that the nature of a disability may be permanent or temporary, and the extent of the disability may be total or partial. See 33 U.S.C. § 908. One issue presented in this case is whether Wilson suffers from permanent total disability or temporary total disability. The initial level of compensation for these two types of disability is the same—66 2/3 percent of the claimant's average weekly wages, to be paid "during the continuance" of such disability. Id. § 908(a) & (b). However, the characterization of Wilson's disability as temporary or permanent is significant, since only permanent total disability is subject to a statutory inflation adjustment, as the OWCP points out. See 33 U.S.C. § 910(f). There may be other practical or legal consequences to the characterization of Wilson's disability as temporary or permanent as well.

A disability is considered permanent when the "condition has continued for a lengthy period, and it appears to be of lasting or indefinite duration, as distinguished from one in which recovery merely awaits a normal healing period." Watson v. Gulf Stevedore Corp., 400 F.2d 649, 654 (5th Cir. 1968). We have recognized that the characterization of a disability as permanent turns on the concept of maximum medical improvement, or MMI. "An employee is considered permanently disabled when he has any residual disability following the date of maximum medical improvement. Any disability before reaching maximum medical improvement is thus considered temporary

2

in nature." Ledet v. Phillips Petroleum Co., 163 F.3d 901, 904-05 (5th Cir. 1998) (footnote omitted).

In LHWCA cases, the BRB does not have the statutory authority "to engage in a de novo review of the evidence or to substitute its views for those of the ALJ." Mijangos v. Avondale Shipyards, Inc., 948 F.2d 941, 944 (5th Cir. 1991). Instead, the LHWCA requires the BRB to accept the findings of the ALJ "unless they are not supported by substantial evidence in the record considered as a whole or unless they are irrational." Id. (citing 33 U.S.C. § 921(b)(3)). Ordinarily, when we review decisions of the BRB, our "only function is to correct errors of law and to determine if the BRB has adhered to its proper scope of review—i.e., has the Board deferred to the ALJ's fact-finding or has it undertaken de novo review and substituted its views for the ALJ's." Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1119 n.1 (5th Cir. 1980). In conducting our review, we must independently examine the record to determine whether the ALJ's findings are supported by substantial evidence. See id. We will disturb the factual findings of the ALJ only if they are not supported by substantial evidence. See Mendoza v. Marine Pers. Co., 46 F.3d 498, 500 (5th Cir. 1995). "Substantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding." Director, OWCP v. Ingalls Shipbuilding, Inc., 125 F.3d 303, 305 (5th Cir. 1997).

Ordinarily we would proceed to review the legal conclusions and factual findings reached below under the appropriate standard of review. In this case, however, such

3

review cannot proceed in the normal straightforward fashion because we are unable to determine what the ALJ held on the issue of whether Wilson was entitled to temporary or permanent total disability.

On the one hand, the ALJ appears to find that Wilson's physical and mental impairments, in combination, render him totally disabled, and that since the mental impairments had not reached MMI, Wilson was only entitled to temporary permanent disability. In support of this reading of the ALJ's decision, the ALJ awarded only temporary total disability compensation at the end of his decision and order, and at the end of his order on the motion for reconsideration.

If the ALJ believed that the physical back injury alone rendered Wilson permanently totally disabled, there would have been no reason for the ALJ's lengthy discussion of Wilson's mental impairments, whether those impairments were permanent, and whether those impairments contributed to Wilson's disability. For example, the ALJ noted Wilson's own testimony that "he could not return to [his former] job today because of his physical and emotional condition," and Wilson's contention that "he is permanently and totally disabled from any and all gainful employment due to his physical and psychological injuries." Decision and Order at 6, 26 (emphasis added). The ALJ noted the testimony of Ms. Thoms that Wilson "was not able to engage in meaningful work relationships with his Employer or with other co-workers because of his intense anger that could be triggered at any time or any moment." Id. at 15. The ALJ discussed her testimony that Wilson was unable "from a psychological standpoint, to return to any

4

gainful employment and has not reached maximum medical improvement. She further noted that she could not opine when, or if, Claimant will ever reach maximum medical improvement." Id. at 16. The ALJ similarly noted Dr. Kamp's opinion, regarding Wilson's psychological problems, that Wilson "was not currently able to work in any capacity because his degree of symptomatology was still significant and would worsen if he attempted to return to work," but that Kamp "could not state that Claimant is permanently disabled from his psychiatric illness and did not know when Claimant may be able to return to work." Id. at 19. The ALJ likewise noted Dr. Maggio's opinion that if Wilson "continued taking medication and employing psychotherapy, he would eventually find employment commensurate with his psychological factors and physical limitations." Id. at 20. Dr. Maggio went so far as to opine that it would be in Wilson's "best interest to return to work if a very tailored rehabilitation plan was used in conjunction with his medical and psychological problems." Id. Maggio saw no psychiatric reason why Wilson could not return to work if an appropriate position could be found. Id. at 21. The ALJ noted that Dr. Stokes, one of the vocational experts, testified that there were a number of jobs Wilson could perform assuming that Wilson "had only a temporary psychiatric disability," id. at 22, and that Wilson might be able to work in the future, id. at 36. The ALJ further noted that Mr. Carlisle, the other vocational expert, concluded that Wilson "is not presently capable of engaging in competitive employment due to his physical and psychological disabilities," id. at 23 (emphasis

5

added), but that Wilson could work in the future if his physical and psychological conditions improved, id. at 36.

The ALJ concluded, consistently with the above-described testimony:

> I credit equally the testimony and opinions of Ms. Thoms, Dr. Kamp and Dr. Maggio, each of whom was well-reasoned and persuasive in establishing that Claimant currently suffers from a psychological condition, namely depression, and has not reached MMI with respect to that condition. Thus, I find and conclude that Claimant has not reached MMI with respect to his psychological condition. Thus, Claimant remains temporarily and totally disabled.

Id. at 34. In his order on the motion for reconsideration, the ALJ explained:

> As noted hereinabove, where an employee suffered both physical and emotional trauma and needed psychological treatment before he could return to work, he was not yet at the point of maximum medical improvement and was still considered temporarily and totally disabled due to the psychological effects of his injury. . . . As discussed in the Original Decision and Order, I equally credit the testimony and opinions of Ms. Thoms and Drs. Maggio and Kamp, each of which was well-reasoned and persuasive in establishing that Claimant's psychological condition has not reached a period of stabilization that will allow him to return to gainful employment. Because Claimant has continued treatment for his psychological condition, I find that he has not reached maximum medical improvement. Thus, Claimant's disability status remains temporary total until such time his psychological condition reaches maximum medical improvement.

Order at 4-5 (emphasis added).

On the other hand, the ALJ's decision might be read to find, as a factual matter, that the physical back injury alone rendered Wilson permanently totally disabled. In the decision and order the ALJ states that "I find and conclude that Claimant reached maximum medical improvement on May 19, 1997, with permanent restrictions as noted

6

hereinabove, for the physical condition of his back." Decision and order at 32. He then states that the back injury, by itself, rendered Wilson entitled to temporary total disability until the date this injury reached MMI, and at least implies that after MMI the back injury, by itself, entitled Wilson to permanent total disability:

> Accordingly, based solely on his physical injury, I find that Claimant was temporarily and totally disabled from December 27, 1988, the date of injury, through January 22, 1990, the date on which he returned to work with High Tech Automotive. Once his employment with High Tech Automotive ended due to the fact that Claimant was unable to perform his duties due to his back condition, Claimant resumed temporary total disability status. Therefore, Claimant is entitled to temporary total disability compensation benefits from June 17, 1990, the date on which he resumed temporary total disability status, through May 19, 1997, the date he reached MMI.

Id. at 32-33 (emphasis added). The ALJ goes on to state explicitly that "I find that Claimant is permanently disabled, thus entitling him to permanent total disability compensation benefits from May 19, 1997 to present and continuing thereafter." Id. at 36. Finally, in discussing the employer's request for relief under § 8(f) of the LHWCA, 33 U.S.C. § 908(f), the ALJ states that "I find that Claimant's total and permanent disability that occurred after his December 27, 1988 work-related accident is due solely to the 1988 accident." Decision and order at 43.

The BRB did not note any confusion with the ALJ's ruling that so confounds us.

If the ALJ held that, based on Wilson's physical back injury alone, he was permanently and totally disabled, then we agree with Wilson and the OWCP that Wilson should not be deemed temporarily and totally disabled simply because his additional

7

psychological disability is temporary. If Wilson is permanently and totally disabled due to the physical back injury standing alone, he should not be penalized because he also suffers from a psychological injury. If the ALJ awarded the lesser relief of temporary disability based on the temporary psychological injury, despite finding that the physical back injury rendered Wilson permanently and totally disabled, then the ALJ legally erred.

If, on the other hand, the ALJ found that Wilson's physical back injury and psychological impairments, only in combination, rendered him totally disabled, and that the psychological impairments were temporary, then the ALJ did not legally err in concluding that such circumstances would entitle Wilson to temporary total disability benefits.

As the orders stand now, they are not merely ambiguous; they are in flat contradiction. We simply cannot tell what the ALJ held, factually and legally, on the issue of permanent versus temporary disability. While reluctant to do so given the age of this case, we conclude that the appropriate disposition is to remand the case for clarification.

A separate but related issue is whether the ALJ erred in concluding that Wilson's back injury reached MMI in May of 1997. While there was conflicting evidence on this issue, we hold that substantial evidence, in the form of testimony from Wilson's surgeon and principal treating physician, Dr. Lowry, and other evidence, would support a finding that Wilson reached MMI with respect to his back condition in May of 1997. We recognize, however, that the significance of when Wilson's back injury reached MMI

8

may turn on the issue, discussed above, on which we find a remand necessary. If the ALJ clarifies his ruling to find that Wilson was not then totally disabled because of his back injury alone, the date that Wilson attained MMI with his back may not have any legal consequence.

To the extent that Wilson and the OWCP argue that we should in effect reverse and render a judgment in favor of Wilson, by holding that he is entitled to permanent total disability benefits from 1989 or some other date, based on his back injury alone, we reject this argument. We cannot say that the evidence is so overwhelming in favor of such a finding that any other result reached by the ALJ, in considering the substantial and sometimes conflicting evidence presented in this record, would not be supported by substantial evidence.

We have reviewed Wilson's other arguments, and must reject them under our limited review of the administrative decision.

We remand this case for further proceedings consistent with this opinion.

REMANDED.