# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————————

m 01-60715
Summary Calendar

————————————

TRINITY MARINE GROUP
AND
RELIANCE NATIONAL INDEMNITY COMPANY,

Petitioners,

VERSUS

DALE SAVOIE
AND
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents.

————————————————

Petition for Review of an Order of
the Benefits Review Board
(00-1030)

————————————————

August 28, 2002

Before HIGGINBOTHAM, SMITH,
and CLEMENT, Circuit Judges.

PER CURIAM:[*]

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
(continued...)

Trinity Marine Group ("Trinity") and Reliance National Indemnity Company ("Reliance") petition for review of an order of the Benefits Review Board (the "BRB"), upholding a decision of the administrative law judge (ALJ), that Dale Savoie remained totally disabled until January 30, 1999. Concluding that substantial evidence supports the findings, we deny the petition for review.

## I.

In June 1995, Savoie sustained an injury while working as an outfitter for Trinity Shipyards in New Orleans. Trinity and Reliance hired Nancy Favaloro, whom the ALJ later recognized as an expert in the field of vocational rehabilitation counseling. In October 1998, Favaloro issued a report identifying at least five jobs that she believed Savoie could perform: (1) dispatcher; (2) car door unlocker; (3) repair technician; (4) security guard; and (5) flow meter repair mechanic. Favaloro provided Savoie with those alternative employment opportunities, but he felt physically unable to perform the jobs.

At a formal hearing on January 31, 2000, the ALJ found that Favaloro had relied on incomplete medical information. The ALJ pointed to the medical opinion of Stuart Phillips, Savoie's treating physician, to illustrate that his medical condition was more severe than Favaloro supposed. At that hearing, Savoie testified that he felt he could now work as a car door unlocker, repair technician, or flow meter repair mechanic. The ALJ decided that Savoie could not have performed these jobs in fall of 1998 but could on January 31, 2000. This led the ALJ to conclude that Savoie had suffered from a total disability until January

*(...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

30, 2000.

## II.

We review the findings of fact only to determine whether the record as a whole provides substantial evidence. *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1037 (Former 5th Cir. Nov. 1981) (collecting cases). Our "only function is to correct errors of law and to determine if the board . . . deferred to the AlJ's fact finding." *Id.* at 1037 n.9. We must defer to the ALJ's credibility determinations and evaluations of lay and expert testimony. *Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 944-45 (5th Cir. 1992).

Trinity and Reliance argue that to determine the extent of Savoie's disability, the ALJ had an obligation to consider more than just Savoie's physical or medical condition. Relying on cases such as *New Orleans (Gulfwide) Stevedores*, 661 F.2d at 1037-38, they emphasize that disability has a mixed economic and medical foundation. According to Trinity and Reliance, the ALJ could not have credited Phillip's testimony over Favarolo's because Phillips did not consider factors such as Savoie's age, education, industrial history, and the availability of work in the area.

The sensible statement that determining disability requires considering medical and economic evidence falls far short of undermining the ALJ's finding. Trinity and Reliance's argument inverts the burden of proof. After the employee has shown that a job-related injury prevents him from returning to his former position, the burden of proof shifts to the employer to show the extent of disability. *SGS Control Servs. v. Dir., OWCP,* 86 F.3d 438, 444 (5th Cir. 1996); *Rogers Terminal & Shipping Corp. v. Dir., OWCP,* 784 F.2d 687,

690 (5th Cir. 1986). Trinity and Reliance concede that Savoie proved a job-related injury that prevented him from returning to his former job, so they bore the burden of proving the extent of his disability. The ALJ found they had failed to satisfy that burden.[1]

Favaloro admitted the shortcomings of the medical basis for her testimony. She testified that she relied on medical reports from several examining physicians compiled in 1995. The ALJ found that those physicians had underestimated the severity of Savoie's condition. They diagnosed him with soft tissue damage and did not perform an MRI. Phillips ordered an MRI in the late fall of 1995 and refused to make a diagnosis or opine on work restrictions without the results. In January 1996, Phillips reviewed the results of an MRI, found a herniated disc, and recommended far more aggressive treatment than any of the previous (unsuccessful) physicians had proposed.

Favarolo admitted she did not consider much information from Phillips. She pointed to Phillips's May 21, 1998, office notes that classified Savoie as temporarily totally disabled; she did not include Phillips's partial, 1995 physical findings. She also failed to consider the effect of medications taken by Savoie. Phillips testified that Savoie remained totally disabled throughout 1998 and 1999, and Savoie testified he could not have performed the suggested jobs in October 1998.

Of course, Savoie's medical condition is not the only basis on which the ALJ should measure the extent of his disability. The ALJ pointed to specific record evidence, however, that Favalorao had substantially underestimated the severity of Savoie's injury. As we have noted, the employer bears the burden of proving the extent of disability. The ALJ, rather than this court, should make credibility determinations and evaluate the evidence. The ALJ examined the evidence and determined that Trinity and Reliance had not satisfied their burden of proving that Savoie suffered from only a partial disability in October 1998. Substantial evidence supports that finding.

The petition for review is DENIED.

---

[1] Trinity and Reliance also argue that Savoie did not diligently seek work, but we need not reach that question if we find that substantial evidence supports the finding that he was totally disabled. *Roger's Terminal*, 784 F.2d at 691.

3