# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

————————————

No. 02-60845

(Summary Calendar)

————————————

FIRST MARINE CONTRACTORS INC.; SIGNAL MUTUAL INDEMNITY ASSOCIATION LTD.,

Petitioners,

versus

DOUGLAS J. PASCUAL, JR.; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

————————————————————————————

Petition for Review
From the Benefits Review Board
01-0894

————————————————————————————

February 27, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

————————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First Marine Contractors, Inc. (First Marine) appeals the award of temporary disability benefits to Douglas J. Pascual (Pascual) under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq*. First Marine contends that the Benefits Review Board (BRB) erred in reversing the original decision of the Administrative Law Judge (ALJ). The ALJ initially denied benefits. First Marine contends that the BRB applied an improper standard of review when it reversed the ALJ's decision. We find that the Board applied the proper standard of review, and therefore affirm its decision.

On the day of the accident, Pascual was working on one of First Marine's ships, unloading railroad ties. Pascual was injured when a load of railroad ties fell on the opposite end of the track on which he was standing. The track became a see-saw and threw Pascual into the air. He spent five days in the hospital following the incident.

Pascual applied for benefits under the LHWCA, arguing that the accident aggravated his previous back and neck problems. The case went through three rounds of administrative proceedings. In its first order, the ALJ completely denied benefits. As noted, the BRB reversed and remanded. In its second order, the ALJ awarded total temporary disability benefits. Once again, the BRB reversed and remanded. The BRB found that First Marine had presented convincing evidence that, over a year after the accident, Pascual was capable of performing some jobs. As a result, the BRB reasoned, Pascual was only partially disabled as of that time. In its third order, the ALJ agreed that Pascual was partially disabled, and awarded corresponding benefits. The BRB affirmed.

First Marine now appeals the BRB's initial ruling, which reversed the ALJ's total denial of benefits. We have jurisdiction to review that initial determination. We have held that, when a party appeals a final decision of the BRB, we can review any prior orders issued in the case. *Mijangos v.*

*Avondale Shipyards, Inc.*, 948 F.2d 941, 943-44 (5th Cir. 1991).

Our review of the BRB's decision is limited. We can consider only (1) alleged errors of law and (2) whether the Board stayed within the proper scope of its review of the ALJ's decision. *See Cooper/T. Smith Stevedoring Co., Inc. v. Liuzza*, 293 F.3d 741, 744 (5th Cir. 2002).

In performing the latter function, we must ensure that the BRB did not conduct a *de novo* review of the ALJ's order. *Mijangos*, 948 F.2d at 944; 20 C.F.R. § 802.301(a). The BRB must affirm the ALJ's order if the decision is supported by substantial evidence and is not irrational. *See Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000); 33 U.S.C. § 921(b)(3).

We have stated that "[s]ubstantial evidence is that relevant evidence—more than a scintilla but less than a preponderance—that would cause a reasonable person to accept the fact finding [of the ALJ]." *Cooper/T. Smith*, 293 F.3d at 745 (internal quotation marks omitted). In determining whether there was substantial evidence to support the ALJ's decision, we review the record as a whole. *See Conoco, Inc. v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 194 F.3d 684, 687 (5th Cir. 1999).

In order to prevail under the LHWCA, a claimant must demonstrate that (1) he suffered harm; and (2) "that conditions existed at work, or an accident occurred at work, that could have caused, aggravated or accelerated the condition." *Port Cooper/T. Smith Stevedoring Co.*, 227 F.3d at 287. In this case, Pascual contended that the injury at First Marine aggravated his previous back and neck problems. Under the aggravation rule, if a work injury aggravates a preexisting condition, the employer is still "liable for the full costs of [the] worker's disability[.]" *Louis Dreyfus Corp. v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 125 F.3d 884, 887 (5th

Cir. 1997); *Ceres Marine Terminal v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 118 F.3d 387, 389 (5th Cir. 1997). The ALJ determined that Pascual established a prima facie case that the accident at First Marine aggravated his preexisting injuries.

Once a claimant establishes a prima facie case, that creates a "presumption" that the employer is liable for the claimant's entire disability. *Port Cooper/T. Smith Stevedoring Co.*, 227 F.3d at 287-88; *see* 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this chapter."). The burden then shifts to the employer to rebut the claimant's prima facie case. First Marine was required to produce "substantial evidence" demonstrating that the accident at the company did not aggravate Pascual's preexisting injuries. *See Port Cooper/T. Smith Stevedoring Co.*, 227 F.3d at 288.

The ALJ found that First Marine produced sufficient evidence to rebut Pascual's prima facie case. However, as the BRB determined, the ALJ's conclusion was not supported by substantial evidence. In order to rebut Pascual's prima facie case, First Marine offered the testimony of Dr. James Laborde, a board-certified orthopedic surgeon. Over a year after the accident, Dr. Laborde examined Pascual, and determined that Pascual was not disabled. The physician also studied two MRIs of Pascual's neck and back (one taken before the First Marine accident, one taken after the accident), and determined that Pascual suffered no long-term injury as a result of the accident. Dr. Laborde stated that any deterioration in Pascual's condition was the result of the aging process, not trauma.

Dr. Laborde's testimony provided evidence that Pascual did not suffer a long-term injury due to the accident. However, as the BRB observed, Dr. Laborde's statements failed to provide

"substantial evidence" that Pascual's condition was not *at all* aggravated by the accident at First Marine. Dr. Laborde did not examine Pascual until over a year after the accident. As a result, Dr. Laborde could not rule out the possibility that Pascual suffered *some* injury after the accident. Thus, Dr. Laborde's testimony did not completely rebut the ALJ's own finding that Pascual "sustained some type of aggravation of previous back or neck conditions while working for [First Marine]." First Marine did not produce any additional evidence to rebut the presumption of compensability.[1] Thus, as the BRB found, the ALJ's det ermination that First Marine had successfully rebutted Pascual's prima facie case was not supported by substantial evidence.

The decision of the Benefits Review Board is AFFIRMED.

---

[1] First Marine argues extensively in its brief that Pascual lacks credibility. However, Pascual's credibility is not at issue in this appeal. (Indeed, Pascual does not even dispute First Marine's assertion that he lacks credibility. *See* Brief of Respondent at 17 (acknowledging that "there were many instances in which the Claimant's testimony was not credible")).