United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 03-60301

(Summary Calendar)

_____

A&B INDUSTRIES OF MORGAN CITY; LOUISIANA WORKERS' COMPENSATION CORP.,

Petitioners,

versus

DAVID ARSENAULT; DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

Petition for Review of a Final Order
of the Benefits Review Board
No. 02-0450

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Arsenault fell approximately thirty-five feet and was struck in the face with a chain

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

during a workplace accident. Arsenault suffered multiple fractures to the right side of his face, a fractured pelvis, and broken teeth. Arsenault filed for benefits under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq* (the "Act"). The Administrative Law Judge ("ALJ") awarded Arsenault ongoing disability payment based upon his ongoing chronic back pain, blurred vision, and migraine headaches. The Benefits Review Board ("BRB") affirmed this award. A&B Industries appeals claiming that insufficient evidence supports the ALJ's award of ongoing disability payments. A&B Industries also challenges the ALJ's calculation of Arsenault's weekly wage under 33 U.S.C. § 910(c).

This Court reviews decision of the BRB under the same standard the BRB uses to review the ALJ: whether the decision is supported by substantial evidence and is in accordance with the law. *SGS Control Servs. v. Dir. Office of Worker's Comp. Programs*, 86 F.3d 438, 440 (5th Cir. 1996). This Court may not substitute its judgment for that of the ALJ, reweigh, or reappraise evidence thus its review is limited to determining "whether evidence exists to support the ALJ's findings." *Id.* Sufficient evidence exists in this record to support the ALJ's findings. There is a presumption that a claim comes within the provisions of the Act in the absence of substantial evidence to the contrary. 33 U.S.C. § 920(a); *Port Cooper/T. Smith Stevedoring Co. v. Hunter*, 227 F.3d 285, 287 (5th Cir. 2000). To trigger this presumption, the plaintiff must make a *prima facie* showing of causation. *Port Cooper*, 227 F.3d at 287. A plaintiff meets this burden by proving "(1) that he or she suffered harm, and (2) that . . . an accident occurred at work, that could have caused, aggravated, or accelerated the condition." *Id.* The record in this case supports the ALJ's determination that the presumption was triggered, thus shifting the burden to A&B Industries to rebut this presumption. *Id*. at 288.

There was conflicting medical testimony regarding Arsenault's ongoing injuries. The ALJ

"determines the weight to be accorded to evidence and makes credibility determinations." *Mijangos v. Avondale Shipyards*, 948 F.2d 941, 945 (5th Cir. 1991). Moreover, if "the testimony of medical experts is at issue, the ALJ is entitled to accept any part of an expert's testimony or reject it completely." *Mendoza v. Marine Pers. Co.*, 46 F.3d 498, 500 (5th Cir. 1995). In this case, the evidence supports the ALJ's finding that A&B Industries did not rebut the presumption that David Arsenault's ongoing health problems were causally related to his workplace accident.

A&B Industries also challenges the ALJ's calculation of Arsenault's weekly wage. The ALJ based its weekly wage calculation on evidence in the record and correctly performed that calculation in accordance with 33 U.S.C. § 910(c).

The order of the Benefits Review Board is AFFIRMED.