# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 25, 2007**

**Charles R. Fulbruge III**
**Clerk**

No. 06-61172
Summary Calendar

NABORS OFFSHORE DRILLING INCORPORATED

Petitioner

v.

CHRISTOPHER SMOOT; Director, Office of Workers
Compensation Programs, U S DEPARTMENT OF LABOR

Respondents

Petitioner for Review of an Order from the Benefits Review Board
BRB Nos. 06-0283, 06-0283A

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Christopher Smoot was injured on January 4, 2004 while taking down a gas buster pipeline, which flipped, hitting him on the head. Smoot was treated for a fractured skull, persistent headaches, and psychological injuries. He filed for benefits under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901, et seq. (the "Act"). The Administrative Law Judge ("ALJ") awarded Smoot temporary total disability from January 4, 2004 through May 25, 2005

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and ongoing temporary partial disability thereafter based on Smoot's ongoing psychological problems resulting from his injuries. The ALJ also ordered Smoot's employer, Nabors Offshore Corporation ("Nabors"), to pay an additional 10 percent on unpaid installments of compensation pursuant to 33 U.S.C. § 914(e) and to pay for all reasonable and necessary future medical expenses arising from Smoot's employment-related psychological injuries. Finally, the ALJ awarded attorney's fees and expenses. The Benefits Review Board ("BRB") affirmed this award. Nabors appeals claiming that insufficient evidence supports the ALJ's award of disability payments. Nabors also challenges (1) the finding that Smoot is entitled to all reasonable and necessary future medical expenses resulting from his psychological injuries; (2) the award of penalties pursuant to 33 U.S.C. § 914(e); and (3) the award of attorney's fees and expenses.

This Court reviews decisions of the BRB under the same standard the BRB uses to review the ALJ: whether the decision is supported by substantial evidence and is in accordance with the law. SGS Control Servs. v. Dir. Office of Worker's Comp. Programs, 86 F.3d 438, 440 (5th Cir. 1996). This court may not substitute its judgment for that of the ALJ or re-weigh evidence; its review is limited to determining "whether evidence exists to support the ALJ's findings." Id.

There is a presumption that a claim comes within the provisions of the Act in the absence of substantial evidence to the contrary. 33 U.S.C. § 920(a); Port Cooper/T. Smith Stevedoring Co. v. Hunter, 227 F.3d 285, 287 (5th Cir. 2000). To trigger this presumption, the plaintiff must make a prima facie showing of causation. Port Cooper, 227 F.3d at 287. A plaintiff meets this burden by proving "(1) that he or she suffered harm, and (2) that . . . an accident occurred at work, that could have caused, aggravated, or accelerated the condition." Id. The record in this case supports the ALJ's determination that the presumption was triggered, thus shifting the burden to Nabors to rebut this presumption. Id.

at 288. The record also supports the ALJ's finding that Nabors did not rebut the presumption that Smoot's ongoing psychological problems were causally related to his workplace accident. Also, three separate medical experts opined that Smoot's psychological condition precludes his return to work, providing ample support for the ALJ's finding that Smoot was totally disabled through May 25, 2005 and partially disabled thereafter. Although there was conflicting medical testimony in this regard, it is not the role of this court to re-weigh the evidence or make credibility determinations. Mijangos v. Avondale Shipyards, 948 F.2d 941, 945 (5th Cir. 1991). Moreover, if "the testimony of medical experts is at issue, the ALJ is entitled to accept any part of an expert's testimony or reject it completely." Mendoza v. Marine Pers. Co., 46 F.3d 498, 500 (5th Cir. 1995). The record in this case also supports the ALJ's award of future medical benefits for his psychological condition. Finally, with respect to the Section 14(e) penalty assessment and the award of attorney's fees and expenses, Nabors' sole argument is that these portions of the ALJ's award are erroneous because Smoot is not disabled and is not entitled to medical benefits. Because we affirm the finding that Smoot was totally disabled through May 25, 2005 and partially disabled thereafter, these arguments lack merit.

The order of the Benefits Review Board is AFFIRMED.